UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

RONALD K. PENDERGRAPH,

    Plaintiff,

v.                                                4:03-cv-61

DONNIE EVANS and
BOBBIE EVANS,

    Defendants.

## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983, in which the plaintiff alleges a denial of medical care during his confinement in the Van Buren County Jail. Plaintiff has since been transferred to the custody of the Tennessee Department of Correction. The defendants are Van Buren County Sheriff Donnie Evans and jail bookkeeper Bobbie Evans. The matter is before the court on various motions filed by the parties.

Plaintiff has filed two motions in limine, in each of which he seeks to exclude at trial evidence of his prior convictions. The motions [Court File Nos. 28 & 29] will be **DENIED**. Evidence of plaintiff's prior convictions may be admitted at trial to the extent permitted for impeachment purposes pursuant to Rule 609 of the Federal Rules of Evidence.

Plaintiff moves the court to determine the sufficiency of the defendants' answers to plaintiff's second set of requests for admission. The motion [Court File No. 31] will be **GRANTED** to the extent the court has considered defendants' answers and finds them sufficient under Rule 36 of the Federal Rules of Civil Procedure. Plaintiff's motion [Court File No. 32] for a ruling on this motion will be **DENIED** as **MOOT**.

Plaintiff has filed a motion entitled "Motion for More Definite Statement." In fact, in this motion he asks the court to alter the deadlines in the scheduling order to require completion of discovery prior to the deadline for filing his pretrial narrative. There is also pending plaintiff's motion to extend the time for discovery. Plaintiff has since filed his pretrial narrative statement and the trial date has been continued. Under the circumstances, plaintiff's motion for more definite statement [Court File No. 36] will be **DENIED**. However, plaintiff shall be permitted to amend his pretrial narrative statement, if necessary, after completion of discovery. Plaintiff's motion to extend the time for discovery [Court File No. 38] will be **GRANTED**. The deadlines for completion of discovery, for filing dispositive motions, and for filing defendants' pretrial narrative statement will be **EXTENDED** until August 29, 2006.

Plaintiff moves the court for leave to take the depositions, upon written questions, of two inmates: Robert Christian #148009 and Jerry A. Patton #362794. The motions [Court File Nos. 40 & 41, respectively] will be **GRANTED**. Plaintiff may take the depositions upon written questions of these inmates pursuant to Rule 31 of the Federal Rules of Civil Procedure.

Plaintiff has filed a motion for writ of habeas corpus ad testificandum, requiring the warden at his place of confinement to bring him to court for the trial of this matter. The motion [Court File No. 42] will be **GRANTED** to the extent a writ of habeas corpus ad testificandum will issue for plaintiff at the appropriate time.

Attorney Jeffrey M. Beemer, counsel for defendants, moves the court for an order authorizing his admission to practice before the court pro hac vice. The motion [Court File No. 47] will be **GRANTED**. Jeffrey M. Beemer shall be allowed to practice in this district in this action. E.D.TN. LR83.5.

The defendant have filed a motion to take the deposition of the plaintiff. Defendants' motion [Court File No. 48] will be **GRANTED**. Defendants' counsel should arrange for the taking of plaintiff's deposition at a time and place convenient with the appropriate officials of the Tennessee Department of Correction and upon notice to the plaintiff. Fed. R. Civ. P. 30(a). The defendants shall furnish a copy of the deposition to plaintiff, if it is transcribed, within 15 days thereafter at no charge to plaintiff.

The defendants move for additional time within which to respond to plaintiff's motion for summary judgment. Defendants' motion for additional time [Court File No. 55] will be **GRANTED**. Defendants shall have up to and including May 1, 2006, in which to file a response to plaintiff's motion for summary judgment.

Plaintiff has filed a motion to allow him to depose the defendants on the same date, time, and place that his deposition is scheduled for. Because he is incarcerated and cannot afford a stenographer, plaintiff proposes that his mother be allowed to tape-record the defendants' depositions. Plaintiff's mother is not qualified to take the defendants' depositions, Fed. R. Civ. P. 28(c), and thus his motion [Court File No. 56] will be **DENIED**. Plaintiff may take the depositions upon written questions of the defendants pursuant to Rule 31 of the Federal Rules of Civil Procedure. Plaintiff's motion for discovery guidance in this regard [Court File No. 61] will be **DENIED** as **MOOT**.

**AN APPROPRIATE ORDER WILL ENTER.**

          *s/ James H. Jarvis*
          UNITED STATES DISTRICT JUDGE