UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

RONALD K. PENDERGRAPH,

    Plaintiff,

v.                                                              4:03-cv-61

DONNIE EVANS and
BOBBIE EVANS,

    Defendants.

## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. The matter is before the court on the plaintiff's motion for summary judgment, defendants' response thereto, the defendants' motion for summary judgment, and plaintiff's response thereto. For the following reasons, the plaintiff's motion for summary judgment [Court File No. 51] will be **DENIED** and the defendants' motion for summary judgment [Court File No. 68] will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**.

I. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. *Id.* 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36.

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.     Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns the alleged violation of his civil rights during his confinement in the Van Buren County Jail. The defendants are Van Buren County Sheriff Donnie Evans and jail bookkeeper Bobbie Evans.

Plaintiff was arrested on January 8, 2002, by the Van Buren County Sheriff's Department. He remained in the Van Buren Jail until his transfer to the custody of the Tennessee Department of Correction on November 8, 2002. Plaintiff's Xanax, which had been prescribed for anxiety attacks, was confiscated upon his arrival at the Van Buren County Jail; his Albuterol was left in plaintiff's automobile upon his arrest. Plaintiff alleges that he suffers from chronic obstructive pulmonary disease (COPD) and anxiety and depression.

Plaintiff was given his Xanax until it ran out, on or about January 21, 2002. He claims that at that time he asked to see a doctor about his anxiety attacks and COPD but was denied. According to plaintiff, he again asked to see a doctor on May 13 and August 13, 2002. On August 16, 2002, he was taken to Dr. Kirk Swensen. Dr. Swensen prescribed Albuterol for plaintiff's COPD and Prozac and Ativan for his anxiety; he did not prescribe Xanax because it was too expensive.

Plaintiff alleges that defendant Bobbie Evans filled the prescription for Albuterol, but told plaintiff she would not fill the other prescriptions because they were too expensive and the county could not afford to pay for the medications. Plaintiff also alleges that defendant Bobbie Evans refused to allow plaintiff's family to pay for his medication. Plaintiff claims that the defendants' refusal to provide him with his prescribed medication constituted a deliberate indifference to his serious medical needs.

4

III.     Discussion

A "serious medical need" is defined "as one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995).  The test for whether a correctional official has demonstrated "deliberate indifference" to medical needs is a subjective inquiry into the official's state of mind rather than an objective test.  Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care.  *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992).  "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care.  *Estelle*, 429 U.S. at 106.

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment."  The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs.  In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment."  *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

> Officials may be shown to be deliberately indifferent to such serious needs without evidence of conscious intent to inflict pain. However, the conduct for which liability attaches must be more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.

*Horn by Parks v. Madison County Fiscal Court*, 22 F.3d at 660 (citations omitted).

In support of his motion for summary judgment, plaintiff filed the affidavit of his aunt, Myrtle Hawkins, along with numerous other exhibits. [Affidavit of Myrtle Hawkins, Exhibit E to plaintiff's motion for summary judgment]. Ms. Hawkins testifies that she spoke with defendant Bobbie Evans on August 26, 2002, about plaintiff's medication and offered to pay for it herself, but that defendant Evans refused.

In response to plaintiff's motion for summary judgment, and in support of their motion for summary judgment, the defendants have filed their affidavits. [Affidavits of Bobbie Evans and Donnie Evans, Court File Nos. 66 and 67, respectively]. Defendant Bobbie Evans testifies that she is the bookkeeper at the Van Buren County Jail and also performs a variety of other functions for the jail. According to this defendant, the jail was provided with plaintiff's prescription Xanax shortly after he was booked and he was given the Xanax through January 13, 2002.

Defendant Bobbie Evans also testifies that plaintiff submitted four medical request forms while in the jail: (1) a complaint on February 10, 2002, of a runny nose, sinus infection, and chest congestion; (2) a request on June 24, 2002, to see a doctor about trouble with his breathing; (3) a request on August 12, 2002, to see a doctor for a complaint of

6

swelling in the lower back and burning pains; and (4) a request on September 16, 2002, to see a doctor about his lungs and anxiety attacks.

According to defendant Bobbie Evans, as a result of the first request, plaintiff was given Robitussin pursuant to the orders of Dr. Swensen, the jail doctor. Plaintiff saw Dr. Swensen on August 16, 2002, as a result of the August 12 request, and Dr. Swensen prescribed an Albuterol inhaler. There was also a note by Dr. Swensen on the medical request form to "see Rx" with respect to plaintiff's depression and anxiety, but the defendant testifies she did not know what Dr. Swensen prescribed. As a result of the September 16, 2002, medical request by plaintiff regarding his anxiety attacks, defendant Bobbie Evans testifies that plaintiff was advised his medicine was on hold at Wal-Mart and his family could pick it up.

Defendant Bobbie Evans concludes by noting that Van Buren County, Tennessee, is a small county and that the jail is a small jail, and when family members pay for an inmate's medication it saves the county money. She further testifies that, pursuant to jail policy, family members are not discouraged from bringing an inmate's prescription medication to the jail. Defendant Donnie Evans merely testifies that he is the Sheriff of Van Buren County, Tennessee, and that it is a small county with a population of 5,000 people, with housing in the jail for only 30 inmates.

In response to the defendants' motion for summary judgment, the plaintiff has filed his affidavit [Court File No. 72] in which he reiterates his claims. The gist of plaintiff's complaint is that the defendants denied plaintiff medical care by ignoring his requests for

medical attention and that, once he did see Dr. Swensen and was prescribed medication, the defendants interfered with the doctor's orders by either refusing to fill the prescriptions or refusing to obtain refills as required.

Based upon the record, it would appear that the defendants did not promptly provide medical treatment to plaintiff upon request. It would also appear that plaintiff did not receive certain prescribed medication, possibly due to budget constraints. There is nothing in the record to suggest, however, that the defendants' conduct amounted to an intent to inflict unnecessary pain or suffering or otherwise to punish plaintiff, which, as noted earlier, is the culpable mental state necessary to a finding of deliberate indifference. *Horn by Parks*, 22 F.3d at 660.

In addition, there is nothing in the record to suggest that plaintiff suffered any ill effects based upon the defendants' conduct. *See Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). "Specifically, we adopt the holding in *Hill* that '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id*. at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)). *See also Rumsey v. Martin*, 28 Fed.Appx. 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions").

In support of his motion for summary judgment, plaintiff submitted a copy of his deposition upon written questions to Dr. Swensen and Dr. Swensen's responses. [Exhibit K]. In response to the question "What physical harm could actually occur if C.O.P.D. is not or was not properly and medically treated with medication(s)?," Dr. Swensen answered "Shortness of breath, wheezing and cough." In response to the same question regarding anxiety, Dr. Swensen answered "Anxious feelings, worry, insomnia." His response to the same question regarding depression was "Depressed mood, poor outlook and self-esteem, insomnia or hypersomnia, anorexia or over-eating, indifference." Dr. Swensen was also asked whether a patient would suffer if these medical conditions were not properly treated. His response was as follows:

> It depends on one's definition of "suffer." I think of suffering as severe discomfort. In that case my answer for most patients, including Mr. Pendergraph would be No. However, I think it is fair to say that Mr Pendergraph might possibly "suffer" to a mild or moderate degree if he did not receive medication for his ailments."

[*Id*., Deposition upon Written Questions, pp. 3-4, and Answers to Deposition Questions]. These responses by Dr. Swensen fail to establish that plaintiff suffered a detrimental effect based upon any delay in receiving medical treatment.

The court notes that a prisoner who suffers pain needlessly when relief is readily available may have a cause of action against those whose deliberate indifference is the cause of his suffering, *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976), and that actual injury is not necessary to receive damages for a violation of the Eighth Amendment right against cruel and unusual punishment. *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991);

9

*Parrish v. Johnson*, 800 F.2d 600, 610 (6th Cir. 1986). In cases where an inmate does not suffer actual injury, however, "[e]xtreme conduct by custodians that causes severe emotional distress is sufficient." *Hicks v. Frey*, 992 F.2d 1450, 1457 (6th Cir. 1993). Plaintiff has failed to make such a showing in this case.

IV.  Conclusion

The defendants are entitled to judgment as a matter of law and their motion for summary judgment will be **GRANTED**; plaintiff's motion for summary judgment will be **DENIED**. All other pending motions will be **DENIED** as **MOOT**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis<br>United States District Judge